## MARY DANIELS *versus* DEXTER RICHARDSON, Executor &c.

Where a woman seised of an estate in land for her life, leased the same for her life by a deed reserving an annual rent, but without a clause of re-entry for non-payment of the rent, and the lessee conveyed the land in fee and the grantee entered into possession, it was *held*, that such grantee, his executor or administrator, was liable to the lessor in an action of debt for the rent.

Such grantee having conveyed a part of the land, it was *held*, that the rent should be apportioned to each part, according to its annual value.

Where a feme sole, being seised of an estate for her life in land, demised it for her life, reserving an annual rent, but without inserting in the lease a clause of re-entry for non-payment of the rent, and was subsequently married, it was *held*, that the husband did not become seised of the estate *jure uxoris* so as to be entitled in his own right to the rents and profits, nothing remaining to the lessor but the rent, which was a chose in action ; and that therefore the arrears of the rent at his death, survived to the wife.

The husband, previously to his death, having taken the lease into his own custody, applied to an attorney to collect the rent, and by his advice requested the wife to execute a power of attorney to prosecute a suit in their joint names, but relinquished such intention on finding her unwilling to give him such authority.　It was *held*, that the husband had not thereby reduced the rent to possession.

In the same case it appeared, that in 1803, after the execution of the lease, the lessee conveyed the land in fee, with warranty against incumbrances, to a person who had notice of the existence of the lease, but who entered and held possession of the land for about thirty years, without any claim being made upon him for rent, the same having been paid to the lessor and her husband by the lessee until 1828 ; that the husband died in 1832, and that within a year from his death the wife demanded of the grantee the rent which had accrued since the last payment by the lessee.　It was *held*, that under the circumstances the wife was not chargeable with laches, and that she was entitled to recover such rent of the grantee notwithstanding his possession for so long a period during which no claim for rent had been made upon him

Daniels
v.
Richardson

THIS was an action of debt brought against the defendant, as executor of Joseph Richardson, to recover the rent of certain real estate, from August 1st, 1828, to January 1st, 1835.

The trial was before *Dewey* J.

It appeared in evidence, that on the 11th of November, 1802, the plaintiff, then Mary Taft, by an indenture of that date, demised 130 acres of land to one Kelly, to hold during her life, reserving an annual rent of thirty dollars, the lease containing no clause of re-entry ; that on the 11th of April, 1803, Kelly conveyed. the premises to Richardson, the testator, by deed with covenants of warranty ; that the lease to Kelly was never recorded in this county, but that the testator knew of its existence before he purchased the estate ; that at the time of such conveyance, Kelly was a man of property, but that he died previously to 1828, insolvent ; and that his administrator continued to pay the rent until August, 1828.

In April, 1822, the testator conveyed a portion of the premises to another person by a warranty deed, and never occupied the part so conveyed after that time ; and he died on the 1st of January, 1835.

The plaintiff, after the execution of the lease, was married to one Daniels, with whom she lived till his death, which took place in May, 1832. No claim for rent was made upon the testator until after the death of Daniels, the husband ; but within a year after that event, the plaintiff demanded of the testator the rent then due.

There was an indorsement on the lease, dated the 1st of April, 1812, of the receipt of all rent due up to that time, which was signed by Daniels and his wife, the plaintiff ; and a payment was made in August, 1828, for which a receipt was given signed by both of them.

Adolphus Daniels, the son of the plaintiff's husband, who was called as a witness by the defendant, testified, that his father and the plaintiff were always together when the rent was paid ; that it was agreed, that his father should have the rent ; that he collected the rent so long as he could prevail on the plaintiff to have it collected ; that she was unwilling to have any more collected ; that his father put the lease into the hands of the witness, in order that he might employ an attorney to collect

the rent ; that the attorney informed him, that it was necessary he should have a power of attorney from the plaintiff in order to collect it ; that thereupon his father applied to the plaintiff for such a power, but she refused to give one ; that this request was repeated for two successive years, and that the matter then died away ; that no suit was commenced during the remainder of his father's life ; and that the leases were kept by the father until he delivered them to the witness, by whom they were retained till his father's death.

The defendant contended, that the neglect of the plaintiff to call upon the testator for so long a time, was a discharge of his liability ; that the plaintiff, by continuing to claim and receive rent of Kelly without calling on the testator as assignee, waived her right to recover rent of the testator ; that she could not recover any rent which had accrued at the time of the death of her husband in 1832, because the same belonged to her husband and his representatives ; that if the plaintiff was entitled to recover any thing, it was only for the rent which accrued in April, 1833, and April, 1834 ; but that as the testator owned but a part of the demised premises, the plaintiff could not maintain an action of debt against him for a proportionate part of the rent, her remedy being in equity ; and that upon the whole evidence in the case the plaintiff's action could not be. sustained.

The judge reserved the case for the consideration of the whole Court, and by the agreement of the parties, a nonsuit or default was to be entered, according as the opinion of the Court should be upon these facts.

A question having arisen as to the comparative value of the parcel conveyed by the testator and of the whole estate, it was agreed, that if the Court should be of opinion, that the plaintiff was entitled to recover, the apportionment of rent upon the two parcels of the estate should be made by an auditor under the direction of the Court.

*Washburn*, for the plaintiff. The testator was liable in this form of action for the rent, by reason of privity of estate, he being the assignee of the lessee, in possession of the estate. *Howland* v. *Coffin*, 9 Pick. 52 ; 2 Wms's Saund. 303, note ; *Devereux* v. *Barlow*, 2 Saund. 182 ; and the action lies against

him although he holds only part of the estate originally leased 2 Wms's Saund. 182, note; Com. Dig. *Dett*, *E*; Revised Stat. *c.* 60, § 22, 23.

The neglect of the plaintiff to call on the testator, for so long a time, was not a discharge of his liability for the rent. The statute of limitations does not apply to this claim, the rent being reserved by deed. Angell on Limitations, 173. Besides, the plaintiff was a feme covert, for the first four years after the cause of action accrued; and this rebuts any presumption arising from the neglect on her part to call for the rent. Revised Stat. *c.* 120, § 6, 10. The plaintiff is entitled to the arrears of rent of her estate, due at her husband's death, she being a party to the lease. 1 Roper on Husb. and Wife, 170, 204; 1 Williams on Executors, 553; *Hayward* v. *Hayward*, 20 Pick. 517; *Phelps* v. *Phelps*, 20 Pick. 556.

There was no reduction of the rents in question to possession by the husband, but at most, an intention only on his part to reduce them to posession. This is not sufficient; for it is necessary, that the right of the wife should be divested. 1 Roper on Husb. and Wife, 205 *et seq.*; 2 Kent's Comm. (1st. ed.) 116.

*C. Allen*, for the defendant. The lease by the plaintiff to Kelly was an assignment of all her interest in the land, the lease containing no provision for forfeiture or re-entry; and therefore there could be no privity of estate between her and the testator. It being clear that there is no privity of contract, this action cannot be sustained.

But the plaintiff's claim should have been made at an earlier period. The testator did not go into possession under an assignment of the lease. He knew of the existence of the lease, but took an absolute deed, and having entered under it, he enjoyed an uninterrupted possession of the land for about thirty years, without any claim being made upon him for rent.

If the defendant is liable to the plaintiff at all, he is liable only for the rents accruing after the decease of her husband. The husband was entitled, absolutely, to the rents accruing during the coverture, without reducing them to possession; and the arrears at his death belong to his representatives. *Clapp* v. *Stoughton*, 10 Pick. 463; Bingh. on Infancy and Covert. 200.

SHAW C. J. drew up the opinion of the Court. The main question in the present case is, whether the defendant, as executor of Joseph Richardson, is liable, in an action of debt, for the rent due to the plaintiff. This question is placed beyond doubt by the provisions of the Revised Statutes ; and the Court are of opinion, that, in this respect, the Revised Stat utes made no new law, but declared the law as it stood before. The land was demised for the life of the plaintiff, rendering an annual rent. The rent issued out of the land, and was payable by the occupier of the land, into whose hands soever it might come, and by whatever mode of conveyance. The *St.* 1825, *c.* 89, upon the same subject, declared this liability of the assignee to an action, " whether the deed, lease or contract contain any clause of distress or re-entry for the non-payment of rent or not." These words are omitted in the Revised Statutes, probably because they were superfluous, and the sense was the same without them. Revised Stat. *c.* 60, § 22, 23, 24.

And it seems to be equally well settled, that when the estate, out of which the rent issues, is assigned to two or more, the rent shall be apportioned to each part according to its annual value. Indeed this necessarily follows from the general provision, that the assignee shall be liable in debt for the rent; otherwise, and if the rent could not be apportioned, the right of the lessor to the rent could be defeated, by conveying the estate to two or more persons. *Montague* v. *Gay*, 17 Mass. R. 439.

The statute gives a remedy not only against the assignee himself, but against his executor or administrator.

Another question arising in the present case is, whether the present plaintiff can recover for that portion of the time which elapsed between the last payment of rent and the death of Daniels, her husband. The objection is, that the rents, as they accrued, were the absolute property of the husband, and that the sum due for arrearages did not survive to the wife. The Court are of opinion, that the rents did survive, and that the plaintiff is entitled to recover those arrearages. It appears by the facts in the present case, that the plaintiff, whilst sole, having a life estate only, demised that estate for the term of

Daniels<br>*v.*<br>Richardson.

her life, reserving an annual rent, without any clause of re-entry. The husband, therefore, did not become seised of the estate *jure uxoris,* so as to make the rents and profits his own. Nothing remained to the lessor, but the rent, which was a chose in action. This, therefore, is consistent with the cases of *Clapp* v. *Stoughton,* 10 Pick. 463, and *Hayward* v. *Hayward,* 20 Pick. 517, in which it is held, that the husband takes the rents and profits of the wife's real estate, in his own right.

It was contended, in the present case, that the husband had reduced this chose in action to possession, by taking the lease into his own custody, and by taking measures to collect the rent. But we are of opinion, that neither of these circumstances has that effect. The custody of the lease, the mere security and evidence of the debt, is clearly no reduction to possession. His custody and possession of the instrument, was rightful and proper, and by force of it, he might have collected the rent, had he seen fit to do so. But his other proceeding was no more than taking some measures to bring an action in the joint names of himself and his wife, and that under a power from her, which intention he relinquished, on finding her unwilling to give him such an express authority. But whatever his intention might have been, he did not execute any such intention ; he did not release, assign, or collect these rents ; they remained, therefore, a chose in action, not reduced to possession, and therefore, under the authority of *Hayward* v. *Hayward* above cited, survived to the plaintiff.

It was objected, that this was a stale claim, the defendant's testator having held the estate without claim for rent, about thirty years. It is undoubtedly a long time for such a claim to be suspended ; but the question under the circumstances is, whether laches can be imputed to the plaintiff. The defendant's testator took the estate from Kelly, subject to the rent, and with notice of it. Kelly conveyed with warranty of the estate free of incumbrances, and for many years made that warranty good, by paying the annual rent himself. During all that time, the plaintiff had no occasion to call on Richardson, the owner of the land. Besides, she was under the disability of coverture, and had no claim to make in her own right, till

the death of her husband, and within a year after that time, she made her claim.

Daniels
v.
Richardson.

We think the plaintiff is entitled to recover on apportionment of the reserved rent; and, unless the parties agree on the amount, an auditor will be appointed to settle the apportionment, under the direction of the Court.

*Defendant defaulted.*

## SUPPLEMENT.

Under the act of congress, of 1792, providing that persons of the age of eighteen years and under the age of forty-five years, except certain officers specified and "all persons who now are or may hereafter be exempted by the laws of the respective States," shall be enrolled in the militia, it is competent to the State legislature to exempt persons from enrolment, designating them by their age ; for example, persons under twenty-one or over thirty years of age.

OPINION of the Justices of this Court upon a question referred to them by His Excellency, Edward Everett, Governor of the Commonwealth, to wit, "whether it be competent to the State legislature to exempt from enrolment in the militia, all persons under twenty-one and over thirty years of age, in virtue of the general powers of exemption possessed by the States under the act of congress regulating the militia."

The undersigned, Justices of the Supreme Judicial Court, having taken into consideration the question submitted to them by His Excellency the Governor, by the advice and consent of the Council, by his communication of the 29th of September last, have the honor thereupon to submit the following opinion.

They are of opinion, that it is competent for the State legislature to exempt from enrolment in the militia, all persons under twenty-one and over thirty years of age, in virtue of the powers of exemption possessed by the States, under the several acts of congress regulating the militia.

The decision of this question must of course depend upon the true and correct construction of the constitution and laws of the United States.   The obvious policy of the constitution